UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FRANCIS DAMIEN BLOCK,<br>   Petitioner,<br>-v-<br>UNITED STATES OF AMERICA,<br>   Respondent. | No. 1:13-cr-223<br><br>Honorable Paul L. Maloney |

### AMENDED OPINION AND ORDER DENYING HABEAS RELIEF

Francis Block filed a § 2255 petition for habeas relief (ECF No. 378). The petition presents two issues. First, whether the Court should apply equitable tolling to the one-year statute of limitation. If the Court finds that equitable tolling applies, the Court must then consider the merits of the petition. Block alleges that appellate counsel suffered a conflict of interest and asks the Court to presume prejudice. The Court will deny Block the relief he seeks.

I.

The government initiated this criminal action with a complaint alleging a conspiracy to distribute methamphetamine. On November 7, 2013, the government filed the indictment charging Block with participating in a conspiracy to distribute 50 grams or more of methamphetamine and possession with the intent to distribute 50 grams or more of methamphetamine (ECF No. 34). The superseding indictment filed on January 30, 2014, added a forfeiture claim but no additional criminal charges against Block (ECF No. 70). The government filed a second superseding indictment on March 27, 2014, which added two

more criminal charges: (1) conspiracy to intimidate and to threaten witnesses and (2) witness tampering (ECF No. 104).

Two different attorneys represented Block in the district court proceedings. In May 2014, Block's attorney filed a motion seeking leave to withdraw representation (ECF No. 130). Sharon Turek, an attorney from the Office of the Federal Public Defender, had been appointed to represent Block. As one reason to grant the motion, Turek argued that the Office represented another client with whom Block had a conflict of interest. Court granted the motion and subsequently appointed Helen Nieuwenhuis, a CJA Panel attorney. Nieuwenhuis filed a motion to suppress, which the Court denied. Nieuwenhuis represented Block at trial, which occurred in September 2014. The trial ended on October 2, 2014, with a jury finding Block guilty on all four criminal charges. In February 2015, the Court sentenced Block to life terms on three counts and 240 months on the witness tampering charge, served concurrent to the three life sentences (ECF No. 239). On February 11, 2015, Nieuwenhuis filed a notice of appeal on Block's behalf.

On October 11, 2016, the Sixth Circuit Court of Appeals denied Block's appeal (ECF No. 305). The circuit court affirmed the denial of the motion to suppress, found no error in the admission of certain evidence, and concluded that Block's sentence was appropriate.

It appears that Nieuwenhuis filed a petition for writ of certiorari on Block's behalf (ECF No. 378-1 PageID.4500), which the United States Supreme Court denied on February 22, 2017 (ECF No. 308).

Block filed this petition for habeas relief on May 2, 2019 (ECF No. 378).

II.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitation period to file a petition for habeas relief once a conviction become final. *See* 28 U.S.C. § 2255(f)(1). For Block, his conviction became final when the Supreme Court denied his petition for writ of certiorari on February 22, 2017. *See, e.g., United States v. Asakevich*, 810 F.3d 418, 419-20 (6th Cir. 2016). The one-year limitation period expired on February 22, 2018, about fifteen months before Block filed his petition.

The § 2255 one-year statute of limitation may be equitably tolled. *Asakevich*, 810 F.3d at 420-21. The Sixth Circuit instructs district courts to apply equitable tolling to § 2255 petitions "sparingly and 'only if two requirements are met.'" *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). Every claim for equitable tolling must be evaluated on a case-by-case basis. *Id.* A prisoner must show diligent pursuit of his or her rights and also must show that some extraordinary circumstances prevented the timely filing of the petition. *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013). The Supreme Court explained that the diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016).

Because Block filed his petition after the one-year statute of limitation expired, the Court must consider whether equitable tolling applies.

Block likely satisfies the first element—he diligently pursued his rights. Starting in July 2017, Block began filing motions seeking documents from counsel for the purpose of preparing a habeas petition (*see, e.g.,* ECF Nos. 312 and 312). He filed motions seeking an

3

extension of time or for equitable tolling for a habeas petition (*see, e.g.,* ECF Nos. 336 and 337). He also initiated a grievance investigation by the State Bar.

Block, however, has not met the second element, extraordinary circumstances. In his petition, Block raises a single claim. He asserts Nieuwenhuis had a conflict of interest when she litigated his appeal. Nieuwenhuis joined the Office of the Federal Public Defender in September 2015. Nieuwenhuis filed Block's notice of appeal before joining the Office. The briefing schedule for the appeal at the court of appeals, case number 15-1147, indicates that Nieuwenhuis sought and received several extensions of time to file a brief, which she eventually did in March 2017, after she joined the Office. The Office of the Federal Public Defender, however, had a conflict of interest and had already been granted leave to withdraw representation of Block.

Block became aware of the conflict of interest about the time his one-year limitation period expired. Block filed a request for an investigation with the Michigan Attorney Grievance Commission on February 4, 2018 (ECF No. 378-1). In June and July 2018, Block sent letters to the Attorney Grievance Commission summarizing the conflict of interest and filed those letters with this Court (ECF Nos. 360 and 362). In September 2018, the Attorney Grievance Commission concluded that Nieuwenhuis "knew, or should have known, of the conflict when she joined the Defender's Office in September 2015" (ECF No. 378-1 PageID.4490). The Commission found that "[t]he conflict was imputed to you pursuant to MPRC 1.10(a)" (*id.*). Nieuwenhuis did not object to the conclusion which became final in October 2018 (ECF No. 378-1 PageID.4492). The Commission sent Block a copy of the admonishment letter on October 18, 2018 (*id.*).

Block cannot demonstrate extraordinary circumstances because he cannot show that some matter beyond his control prevented him from filing this petition for habeas relief months before he actually did. Block had all the factual information necessary to raise the conflict of interest claim no later than June 2018. Indeed, he raised the issue and sent documents to support his claim to the Attorney Grievance Commission. Yet, Block waited another eleven months before filing his petition. Taking into consideration that Block would need some time to research and prepare the petition, he simply waited too long to file the document. See *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day."). And, Block was certainly aware of the one-year statute of limitation as evidenced by his motions seeking more time. Even if Block had an arguable basis for waiting until the Commission resolved the investigation, Block filed this petition more than six months to file this petition after learning about the Commission's conclusion.

### III.

In an abundance of caution, the Court has considered the merits of Block's sole claim and concludes that he has not established a sufficient basis for relief.

Ordinarily, for habeas relief, a defendant claiming ineffective assistance of counsel must show that counsel's performance fell below an objective standard of reasonableness and a reasonable probability that, but for the deficient performance, the outcome of the proceeding would have been different. See *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In some limited circumstances, a defendant enjoys the presumption of prejudice.

For a conflict of interest situation, "[p]rejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Id.* at 692 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)). "To prove an actual conflict, a defendant must 'point to specific instances in the record' and 'make a factual showing of inconsistent interests.'" *United States v. Kilpatrick*, 798 F.3d 365, 375 (6th Cir. 2015) (citation omitted).

Block has not established that during the time Nieuwenhuis represented Block on appeal, she operated under an actual conflict of interest. The Commission imputed a conflict of interest based on the Office of the Public Defender's earlier representation of other clients. Block does not point to any specific instances of a conflict in the appellate record and has not made any factual showing of inconsistent interests that did or might have affected Nieuwenhuis's performance during the appeal. Block relies on the holding in *Hollaway v. Arkansas*, 435 U.S. 475 (1978), which does not apply to his situation. The "*Holloway* automatic-reversal rule applies only when 'defense counsel is forced to represent codefendants over a defendant's timely objection, unless the trial court has determined that there is no conflict.'" *Kilpatrick*, 798 F.3d at 376 (cleaned up; quoting *Mickens v. Taylor*, 535 U.S. 162, 168 (2002)). "In all other cases, prejudice is only presumed when 'a conflict of interest *actually affected the adequacy of the attorney's representation.*'" *Id.* (cleaned up; italics added in *Kilpatrick*; quoting *Mickens*).

Accordingly, even if Block's time to file this petition should be equitably tolled, he has not demonstrated any prejudice that occurred as a result of the imputed conflict of interest counsel operated under while representing Block during his appeal.

IV.

Block has not demonstrated a sufficient basis for granting him habeas relief. He filed this § 2255 petition well after the one-year statute of limitation expired. The record establishes that Block had evidence to support his allegation about a conflict of interest eleven months before he sought relief in this Court. And, even if this Court were to find that equitable tolling applies, Block has not demonstrated that the conflict of interest adversely affected counsel's performance on appeal. Nor has Block has not established that counsel operated under an actual conflict of interest so that prejudice could be presumed.

The Court has separately considered Block's petition for the purpose of determining whether to issue a certificate of appealability. The Court concludes that reasonable jurists would not disagree with the manner in which the petition has been resolved. Even if reasonable jurists might disagree about equitable tolling, they would not disagree that sole claim for ineffective assistance of counsel lacks merit.

## ORDER

For the reasons provided in the accompanying Opinion, the Court **DENIES** Block's § 2255 petition for habeas relief (ECF No. 378). The Court also **DENIES** a Certificate of Appealability. **IT IS SO ORDERED.**

Date:   November 14, 2023                                   /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                          United States District Judge